I'm Paul. Case number 10-2639. In re the Marriage of O'Malley. Alright, I'm the appellant. Yes. Council, I'm Paul O'Malley. I am the respondent. Are you a lawyer? I am a lawyer. And I'm here in lieu of the fact that I don't have a lawyer. Which is what this is all about. Let me just say this. Before you say anything, Mr. O'Malley, tell me how do we have jurisdiction in this case? How do you have jurisdiction? Very simple. There was an attempt to enter an order, non-protonic, that really wasn't a non-protonic order. It was a new order. Who filed the Notice of Appeal? I did. And what did you appeal in your Notice of Appeal? What did I appeal in the Notice of Appeal? Several things. Three orders. Three disqualification orders. What were the dates of those orders? Do you recall? I can't tell you off the top of my head, but, you know, I can... This appeal was filed timely with respect to the last order, the disqualification of Susan Paul John. Yeah, but your motion was for clarification. Pardon me? You had a motion in this case for clarification. No, no, no, that's my opponent's motion. Yeah, okay. That's my opponent's motion. That's not my motion. The motion in question was for clarification. That's how they characterized it. That's not really what it was. You mean it's something other than that? Sure. Okay, well, that's what I'd like to hear. Sure. The motion for clarification was an attempt to... I mean, it looks like a duck, but really it's not a duck. It's not. It's not. Tell us what it is. Well, it was an attempt to try to suggest to the court that the court had already disqualified Mr. Polachek's law firm and anybody a member of this firm when, in fact, the court never did anything like that, neither did the petitioner... But the court said that they did later on. Pardon me? The court said that they did later on. No, the court didn't say that it did, and the court didn't. And if you go line by line through the briefs and through the arguments of counsel, there's no request for that relief. I'm going to stick to your brief. Okay. There was no request for that relief. There are three orders. There are three orders, one on August 14, 2010. That's the court clarifying its ruling pursuant to the motion filed by the appellees. There was the July 27, 2010. Right. That was on a motion for reconsideration of the disqualification earlier. And then the original order dating back to March 29. Right. Right. And you appealed all three. And the question is whether we have jurisdiction because you filed your notice of appeal subsequent. Do you recall the date of your notice of appeal? Well, it's clearly marked, but it's within the 30 days of the last order. August 14, 2010 order. Yes, it is. Yes, it is. That constitutes jurisdiction. Why am I arguing that the prior orders that weren't appealed... Well, I think you're entitled to argue... You're entitled to attack prior orders that lead up to the ultimate order that dissolved or disposed of your case. And so why did you file your notice of appeal subsequent to the August 14, 2010 and not prior? Because at that point in time it was very clear that there was a pattern now where I was going to be highly prejudiced by virtue of the actions of the trial court. The fact that all my murderers were going to be disqualified and I was going to be left with no counsel. Let me give you my version. In March, the order was entered disqualifying the husband attorney of this husband and wife law firm. And then so the wife takes over and then she represents you. And then in July they file a motion for clarification seeking to bar her as well. That's right. And then they bar her as well as of the August 2010 order saying it was a non-proton based going back through March. But you didn't file a notice of appeal challenging that disqualification because you had a lawyer. You had the wife acting as your lawyer. And so you had to file a notice of appeal only after she too was disqualified.  It wasn't until... And that's what I did. That's what you did. And that's what I did. Right. But you were satisfied with having her represent you if words came to words. That was okay. That's true. But I needed to have this court understand the pattern of what I considered to be disregard for the law with the same judge. And, of course, I even brought the fact that this recusal right after the disqualification of my second lawyer came on the same day right after she enters a disqualification order with no findings of fact, no conclusions of law, no rationale, no explanation as to what she was doing, and then she recuses herself from the case because she had a conflict with the fact that my opposing counsel had a law clerk that was her law clerk for years in her own courtroom. They had a very personal relationship. And it became apparent, at least at that point in time, and it probably was apparent for a long period before that, but isn't that an interesting consequence? I don't think there's an unrelated coincidence there. But that's not my point. My point is the law wasn't followed here. Revised Rule 3.7, 1.7 are clear. This case is important. I don't know of any decision in the state of Illinois that has interpreted and rendered indecision applying the revised 3.7, 1.7 of the Rules of Professional Conduct. Now, there's a whole lot of cases out here, of course, because it's been adopted by many states, and it's the federal rules. What are you saying, though? Are you saying that your lawyer should never have been disqualified to begin with? Neither one of them should have been disqualified to begin with. There's no basis for it, and this Court doesn't have anything to review to determine the propriety of the decision made by the trial court because the court didn't follow the law, didn't follow cases that are in this district. I mean, the Mulhern-Cohen case, which I cited repeatedly, you know, implores trial courts to conduct evidentiary hearings, render dispositive orders explaining their decisions, the basis of the decision. We don't know whether this court ruled on 3.7, 1.7, or a combination. We don't know what her rationale was for reasoning. She provided nothing. More importantly, the pertinent proof relies on the petitioner who is attempting to disqualify may attorneys. She has to present evidence to support any kind of a finding. That never occurred in this case. No evidence whatsoever. Now, there is a conflict because it's the appellant who has to give us a record sufficiently or sufficient record to allow us to rule on the merits. I'm telling you I've given you the total record that shows a total void of any evidence to support the court's rulings. So to the extent that you've given us all the record, then we really should look at the burden of the successful party below to find out whether they can prove that they were entitled to that success that they got below. I agree with that. They haven't done that. There's nothing in their briefs to do that, and there's nothing in the trial record to do that. Believe me, we haven't hidden anything from you. I mean, the reality of it is that if we look at this, we ask for evidence for hearings. The court, no, don't need to do that. We ask for an explanation from the court as to what was the basis of their rulings. That was not given. That was considered unnecessary. Yeah, but before you get to that, you know, you have a March 29th order, and you did not petition the court within the 30 days of that order. How do we get around that to have jurisdiction? I mean, if I want to help you, how can I help you? Here's how you help me. You don't even have to help me with regard to Mr. Polachek. You've got to help me with regard to this wife, Mrs. Polachek. You clearly have jurisdiction over that case. The way I see it, I can't proceed jurisdiction because you've got a March 29th order, and you only have 30 days to deal with that, and you didn't do it. But that order only went to the disqualification of Mr. Polachek. I don't know that that's true. Pardon me? I don't know that that's true. How do we know that? I think the record's fairly clear, and the argument in my brief is very clear that there was no effort. Your brief is clear, but whether it's legally sustainable is the issue. Well, I think it has to be because here's a situation where a lawyer gets disqualified. I then elect to select. Well, according to the court later, the court later said that actually the disqualification applied to the entire firm, not just the one lawyer. But what do we look at? That's what she said in urging to the argument at counsel. There's nothing in the record to support that. But what do we look at when we're going to evaluate a court ruling below? Don't we simply look at the court order that was entered pursuant to that ruling, which would be the March 29th, 2010 order? And if the March 29th, 2010 order says and identifies only Mr. Polachek, how can any court, including us, say that it really meant to include both lawyers and not simply Mr. Polachek when the order itself? We're not going to add information to an order that doesn't say anything more than what it says. I think you should bring that subject up. Well, I think it goes to my colleague's question, though. They're concerned with this March 29th order, which the judge later on said really included both lawyers, and therefore you were obligated to file a notice of appeal within 30 days of that March 29th order, which seems catch-22 or bizarre. Of course it's a catch-22. Of course. Because you had a lawyer representing you after March 29th, and that was Mrs. Polachek. And she continued to represent you for a couple months until they decided, you know what, that original order should have included her, too. Your Honor, you're not quite correct. Okay. Correct. When she filed her appearance, Mrs. Polachek filed her appearance, within days they filed their motion to disqualify. Within days. We didn't conduct anything. But the very fact that they filed a motion to disqualify suggests that somebody's wrong about the order that was entered. Because your client certainly would have been subject to a contempt of court proceeding if she violated the court order that was entered on March 29th, 2010, by filing an appearance that she was barred from proceeding with, and she wasn't. Excellent point. I didn't even argue that point. But you're absolutely right. The order that was entered in March is totally clear. Only Mr. Polachek was disqualified. Not his firm, not his partner, not Mrs. Polachek, and even her arguments in her briefs don't even address that. So when we're coming to the ruling on the merits, the order that is really dispositive of this case, that dispositive order is August 14th, 2010, when she tries to rewrite. A non-protonc order is a rewrite. Really, it's very limited. It should be applied in very limited circumstances. But she wants to rewrite her March 29th order to say that it included both lawyers, and in fact, by doing so, she would cut off your right to appeal back several months so that you had no right to appeal in effect. That was her attempt. This court can correct that problem. There's cases that support the notion that when they change an error materially, and it's not simply a clear error, it's not simply something that was inadvertently omitted, that's a non-protect order. When you have an order that is completely dispositive of disqualification of a law firm and another person, that's not a non-protect order. That's a brand-new order. I don't care what label. We're going to give her time to respond. Okay.  I do. May it please the Court. My name is Rhonda DeFreitas of the Law Offices of Chicago-Kent College of Law, on behalf of the Petitioner at the League, Ms. O'Malley. Just a couple of points. First of all, Mr. O'Malley failed to inform the Court that, in fact, after the March 29th order, rather than Mrs. Polachek coming in, if the firm had not been disqualified, then certainly Mrs. Polachek could have filed her appearance at that time. Instead, however, Mr. O'Malley chose to file a motion to reconsider. That argument, that motion to reconsider, was heard in June. Mr. Polachek himself argues, and you can see in the transcript, well, even if I'm out, any lawyer in my firm can come in. The judge denies the motion for reconsideration, effectively saying, sorry, not so. In addition, why would I have filed a motion for clarification, opening myself up to a potential appeal on a non-protect order if that non-protect is found valid, instead of filing a motion for disqualification? The reason is because the trial court on March 29th heard oral argument for fully half an hour. Mr. Polachek, the counsel at the time, did not have a court reporter present. That's the reason. We go on what the words that are on the order itself. It doesn't matter to me whether there was a court reporter or not, because the explanations don't make any difference. The final, the bottom line is what's contained in the order. And who wrote up that order? I did. Yes. Yes. And so aren't we bound by what's in that order? Because if we're going to go beyond the four corners of an order, then where's the limitation to that? I don't believe that you're... And so let's go on to the non-protect nature of the order that was subsequently entered in August. What's a non-protect order? What is it? A non-protect order is an order that is entered by the court to clarify the record, so that something that was done before, we're clarifying it now. And that's exactly what the judge did. Well, but can a non-pro... Let's say he interpreted the order as it was written, that only Mr. Polachek was disqualified, and, in fact, consistent with his oral argument in June, when Mr. Polachek said, sure, you can disqualify... On his motion for reconsideration, he said, sure, you can disqualify me, but anybody in my firm can come in and file an appearance. Now, that's not... He wasn't asking for a ruling on the merits of his argument. He was simply declaring, that's my understanding of the order, because the order only disqualified me. And so to the extent that he argues that, and the judge says, no, in fact, I want to add an order right now disqualifying everybody from your firm, that would maybe trigger the notice of appeal that he would have had a chance to file. But he didn't. Well, I would submit to you... And you didn't. The judge didn't. I would submit to you, Your Honor, that Mr. O'Malley, the rights that he had based on that August 12th order, he had as of that March 29th order. Mr. Polachek was disqualified... So, you're going now back to March 29th, what happened to the June order? The motion to reconsider? Yes. Okay, even as of the motion to reconsider. Oh, so now you want to change... No, Your Honor, the issue is, and we well know, that it is the appellant's burden to provide a record for this court. Did he provide the complete record in this case? He did not. What's missing in this case? There's no record of proceedings. Do we need the report of proceedings? Well, there wasn't a court report. Do we need a court report? Did we need that? Do we need that in this case? He certainly could have filed a court report. Why can't we go on the written order itself? The written order was inarticulately drafted, and that is why the non-croton order came about. So, whose burden is that? Whose fault is that? Where should that fault lie? Frankly, the appellant has cited not one single case that states if the person drafting the order makes a mistake, they have to stand on that mistake. There's nothing stating that. There would be no such thing as a non-croton order if that were the case. Well, but a non-croton cannot be used to cut off an individual's right to have reviewed the order that triggered the entire controversy to begin with. Even if we argue that the non-croton order is an invalid non-croton order, that does not change the fact that this court lost jurisdiction over that March 29th order. Now, it appears that appellant is abandoning that order. I thought we were talking about June. Now you're going back to March. The March 29th applicant, the June order, as of July 14th for the motion to reconsider. All right. Because truly a motion to reconsider, we understand. I think your position has been well stated. Let me ask you one other question. Is there enough in this record for us to decide the issue of the disqualification? Absolutely. Absolutely. Counsel states that there was not a sufficient record. You can read the pleadings, the responses. Mr. Palachuk himself submitted an affidavit in addition to his motion to reconsider. I do need to address one quick thing, and that is the fact that Mr. O'Malley states to this court that he believes that the court had a conflict of interest all along, and that's the reason that happened. If that were the case, he could have filed a motion for substitution of judge for cause, which he did not. Are you saying that Mr. O'Malley knew of that conflict of interest? I'm saying that there was never a conflict of interest. Why did she recuse herself? She recused herself specifically because that day when we were set for oral argument, I happened to bring a former law clerk who was going to be assisting me on another case. That former law clerk clerked for Judge Santiago for one semester. During that semester, she did not work on this case. Do you think it was a valid grounds for recusal? I don't. I know that the reason the recusal happened is because Mr. Palachuk and his, they were asking questions about why the person who was sitting with me was chumming with the clerk. Do you think it was a good idea to bring that person with? You know, if I had it to do over again, if she had been sitting in the office, it never would have happened because there was no conflict, and the judge, she said, I am recusing myself to avoid the appearance of impropriety. The fact that counsel would say if a judge recuses herself when there's a, when at the first instance that a potential for the appearance of impropriety, at that instance, that judge recuses herself, that in and of itself indicates that obviously she was acting with impropriety prior to that. I really think this court needs to reject that argument out of hand. Frankly, we believe that even if the second non-croton order is not valid, the disqualification of Mr. Palachuk is not at issue. The only issue before this court would be the disqualification of Susan Palachuk. We believe the imputed disqualification based on the nature of the testimony that Mr. Palachuk will be elicited as a necessary witness definitely justifies the imputation of that disqualification to the firm, especially when the only other member of the firm is the wife. We would ask that the trial court be affirmed. Thank you. Very briefly, Mr. O'Malley. The court is correct. The orders are disqualified. When you say the correct, the court is. She drafted the orders. When you say the court is correct. If she wanted to clarify, if she wanted to make it very clear who was disqualified, it was her burden to do it, and she did, and she did exactly what the court recognizes that she did. Now, the catch-22, of course, is the attempt to characterize something as a that is simply correcting something that took place. Oh, my God. The court must recognize that she cuts off my rights by materially changing the order and then argues that I don't have jurisdiction because I didn't file it three months before. That's ridiculous. Sorry. You know, this recusal thing, for what it's worth, it just points to the fact that justice wasn't done in this courtroom. Short shrift was given to these motions. No evidentiary hearings were held. No findings of fact or conclusions of law were rendered. I don't see how this court can do anything but remand this case for directions, with directions to conduct evidentiary hearings, to find out whether there's any basis to her allegations and her arguments, all of which we've denied and denied.  The point being is this issue before this court is very important to the state of Illinois, in my judgment. This is not a small issue. The courts need guidance. They really do. All right. Thank you. Thank you. Court is in recess. Case to be taken under advisory.